# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SHEILA GORDON,**

              **Plaintiff,**

**-vs-**                                                           **Case No. 6:04-cv-1152-Orl-KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

              **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PETITION FOR AWARD OF ATTORNEY'S FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412 (Doc. No. 39)**
>
> **FILED:** July 13, 2006
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

The plaintiff, Sheila Gordon, seeks an award of attorney's fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. A final judgment reversing the decision below was entered on March 8, 2006. Doc. No. 32. An award of fees and expenses is, therefore, ripe for consideration.

The threshold for an award of attorney's fees under the EAJA is a showing that the claimant is a prevailing party, that the position of the United States was not substantially justified and that there

are no other circumstances that make an award of attorney's fees unjust. *See Comm'r v. Jean*, 496 U.S. 154, 160 (1990). Once these threshold showings are made, the district court has discretion to determine a reasonable fee under the lodestar test set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433-37 (1983). *Id.* at 161. There is no dispute that Gordon is the prevailing party, and no argument that the United States' position was substantially justified or than other circumstances make an award of attorney's fees unjust.

Gordon's attorney seeks $3,243.26 in attorney's fees for 20.75 hours of work. The EAJA allows the Court to adjust the statutory hourly rate of $125.00 upward based on changes in the cost of living. Gordon demonstrated that, based upon the cost of living increases, the appropriate hourly rate for the work her attorney performed is $151.65 for work performed in 2004, $156.79 for work performed in 2005, and $160.23 for work performed in 2006. Gordon's attorney also prepared a timesheet detailing the work he performed in the case and the hours spent on each task.

The Commissioner does not object to the hourly rates sought by Gordon for her attorney's work. She does object to 10.85 hours Gordon's attorney spent preparing her initial memorandum of law in this case as excessive in light of the attorney's failure to address the issue that the Court ultimately found to be dispositive – the Commissioner's failure to include in the record the medical evidence of Gordon's condition before the comparison point date.

In the initial memorandum of law, Gordon's attorney recited the applicable law in a cessation of disability determination that "the Commissioner must compare the prior and current medical evidence to determine whether there have been any . . . changes in the signs, symptoms and laboratory findings associated with Plaintiff's impairments." Doc. No. 23 at 10. Nevertheless, he failed to note

or argue that the absence of the medical evidence supporting the original finding that Gordon was disabled legally undermined the Commissioner's decision to terminate Gordon's benefits. This issue was raised by the Court *sua sponte* in a Supplemental Briefing Order. Doc. No. 27.

In *Hensley*, the Supreme Court wrote as follows: "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters." 461 U.S. at 435. While the failure to argue that the record was inadequate was a serious flaw in the argument made by Gordon's counsel, the result obtained was nonetheless favorable to her. The Commissioner has not cited to any case in which a court reduced the reasonable number of hours worked by an attorney because he failed to address the issue the court found to be dispositive. Under these circumstances, I find that the number of hours Gordon's attorney worked in preparing the memorandum of law was reasonable.

The Commissioner also objects to .35 hours spent by Gordon's counsel in seeking enlargements of time to file her memorandum of law. This argument is well taken. A party is generally not responsible for fees incurred by opposing counsel in seeking extensions of time. *See, e.g., Steele v. Van Buren Public School Dist.,* 845 F.2d 1492, 1496 (8th Cir. 1988). Accordingly, the hours worked by Gordon's attorney will be reduced by .35 hours of work performed in 2005.

Therefore, the lodestar attorney's fee for work performed by Gordon's attorney is as follows:

| YEAR | HOURLY RATE | NUMBER OF HOURS | LODESTAR FEE |
|---|---|---|---|
| 2004 | $151.65 | 4.55 | $690.01 |
| 2005 | $156.79 | 12.00 | $1,881.48 |
| 2006 | $160.23 | 3.85 | $616.89 |
| **TOTAL FEE** | | | $3,188.38 |

Gordon also seeks reimbursement for $ 40.05 in expenses. The Commissioner does not oppose these expenses. I find that these expenses were reasonably incurred, in the absence of objection.

It is, therefore, **ORDERED** that Gordon is awarded $3,188.38 in attorney's fees and $40.05 in expenses.

**DONE** and **ORDERED** in Orlando, Florida on July 31, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties